**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2222-17T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

KEVIN I. WASHINGTON,

      Defendant-Appellant.

_____

Submitted September 10, 2019 – Decided October 4, 2019

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 11-08-2058, 12-02-0300, and 12-03-0628.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin I. Washington appeals from a March 7, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing, including a motion to withdraw guilty pleas on two indictments.

On appeal, defendant argues:

> POINT I.
>
> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.
>
> A.   DEFENDANT MADE A SUFFICIENT PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING.
>
> 1.   DEFENDANT'S COUNSEL WAS INEFFECTIVE AS DEFENDANT DID NOT CONSENT TO REPRESENTATION DURING THE PLEA AGREEMENTS.
>
> 2.   DEFENDANT'S COUNSEL WAS INEFFECTIVE IN FAILING TO FILE AN APPEAL OF HIS SENTENCE.
>
> 3.   TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE MR. WASHINGTON'S DEFENSES.

We affirm.

I.

On May 9, 2011, defendant was charged in Atlantic County Indictment No. 11-08-2058 with attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a)(1) and (2) (count one); aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count two); aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count three); aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count four); possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a) (count five); unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count six); and certain persons not to have weapons, N.J.S.A. 2C:39-7 (count seven). The victim was A.R.[1] Because of defendant's criminal history, he was prohibited from possessing a gun.

In superseding Atlantic County Indictment No. 12-02-0300 entered on May 22, 2011, defendant was charged with attempted murder of his then girlfriend, S.A., N.J.S.A. 2C:5-1 and 2C:11-3(a)(1) and (2) (count one); aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count two); aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count three); aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count four); possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a) (count five); unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)

---

[1] We utilize the parties' initials to assure confidentiality pursuant to Rule 1:38-3(c).

A-2222-17T2

(count six); hindering prosecution, N.J.S.A. 2C:29-3(b)(4) (count seven); hindering prosecution, N.J.S.A. 2C:29-3(b)(1) (count eight); and certain persons not to have weapons, N.J.S.A. 2C:39-7 (count nine).

On January 9, 2012, defendant was charged in Atlantic County Indictment No. 12-03-0628 with third-degree aggravated assault on a law enforcement officer contrary to N.J.S.A. 2C:12-1(b)(5) (count one), which occurred during defendant's incarceration at the Atlantic County Justice Facility. The alleged victim was Correctional Officer K.F.

A. Harold Kokes represented defendant as his private counsel at the trial level as to Indictment No. 12-02-0300 only. Murray Sufrin, defendant's pool counsel, represented him on the other two indictments. The judge indicated that: "Mr. Kokes advised the court he would gladly step in on Mr. Sufrin's behalf for the other two indictments." At the plea hearing, Kokes handled the pleas for all three indictments.

On June 10, 2013, defendant pled guilty to counts one and nine of Indictment No. 12-02-0300, counts one and seven of Indictment No. 11-08-2058, and count one of Indictment No. 12-03-0628. The State agreed to recommend that the court sentence defendant to nineteen years of incarceration, with an eighty-five percent period of parole ineligibility pursuant to the No Early

4

Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also agreed to dismiss the remaining charges.

At the plea hearing, defendant testified that he used a handgun in an attempt to kill A.R. in Atlantic City. Defendant also testified that he attempted to kill S.A. using a handgun a few weeks later in Galloway Township. As to both incidents, defendant acknowledged he was prohibited from having a handgun based on a prior conviction. Defendant also admitted to assaulting K.F. and was aware he was a law enforcement officer at the time of the assault.

Defendant stated he was waiving all of the rights attendant to a trial, including the right to cross-examine witnesses and otherwise challenge the State's evidence against him. He stated he was not forced or coerced into pleading guilty. Defendant also stated he was satisfied with the advice and legal services provided to him by Kokes and Sufrin. The plea agreement also indicates defendant "acknowledged he was eligible for extended term sentencing."

The court sentenced defendant in accordance with the plea agreement. The court imposed a custodial term of nineteen years with an eighty-five percent period of parole ineligibility, as prescribed by NERA. Defendant did not appeal from the judgment of conviction dated July 31, 2013.

A-2222-17T2

## II.

On May 4, 2016, defendant filed a pro se petition for PCR in the Law Division. The PCR judge assigned counsel for defendant, and PCR counsel filed an affidavit of defendant in support of the petition, arguing that defendant had been denied the effective assistance of trial counsel. Defendant argues he was denied effective assistance of counsel during the plea negioations, and by his counsel's failure to move to dismiss the indictments. The affidavit stated that defendant asked his trial attorney, Kokes, to "file an appeal of the sentence" but he never did. Defendant also claimed his pool counsel, Sufrin, was ineffective in pursuing a motion to compel the prosecutor to disclose exculpatory evidence. Because of the alleged ineffective assistance of both counsel, defendant argued he should be permitted to withdraw his guilty pleas.

Defendant also stated in his affidavit the trial judge's decision "caused prejudice" because his assigned counsel did not contact S.A. to "confirm that the shooting was an accident." Defendant claims S.A. gave an exculpatory statement while she was in the hospital that the shooting was "accidental."

According to defendant, he also advised Sufrin that he was not involved with the attempted murder of A.R., and "no one was able to identify the shooter." Additionally, defendant argues he wanted to challenge the assault charge against

K.F. on the grounds of self-defense, but Sufrin declined to interview inmates at the jail to confirm defendant's theory. Defendant claims counsel told him he had no defenses to the charges, and that he had to plead guilty on the day of trial. In March 2013, defendant hired another private attorney, James Butler, to represent him. The trial judge permitted Butler to substitute into the case but refused to adjourn the previously scheduled June 2013 trial date. Butler withdrew, claiming he needed more time to prepare for trial. Defendant argues his due process rights were thereby violated, and he was "forced" to proceed with trial counsel in the face of his dubious effectiveness.

The PCR judge heard oral argument on January 3, 2017, and issued a letter decision on February 27, 2017. The judge found S.A. originally provided a statement identifying defendant as the "shooter," and that she was shot "in a vital region of the body," thereby discrediting defendant's argument that the shooting was accidental. Considering defendant attempted to murder A.R. seventeen days earlier, the judge concluded S.A.'s later statement that the shooting was accidental "is not genuinely exculpatory." Therefore, the judge concluded that defendant presented no evidence to show there was a reasonable basis to move to dismiss the indictment. The judge also found defendant merely presented

A-2222-17T2

"bald assertions" that his counsel failed to appeal the sentence and that defendant failed to provide any factual support for any of his allegations.

The judge entered an order on March 7, 2017 denying PCR, but vacated defendant's sentences on count seven of Indictment No. 11-08-2058 and count nine of Indictment No. 12-02-0300 as illegal. The judge resentenced defendant to five years imprisonment on each of those counts, with a five year period of parole ineligibility, to run concurrently to one another and with defendant's other sentences. This appeal ensued.

III.

Turning to defendant's arguments, he first maintains as to both Indictment Nos. 12-02-0300 and 11-08-2058, Kokes failed to move to dismiss the indictments or appeal his sentence as defendant now claims he requested. Defendant also asserts both Kokes and Sufrin were ineffective for: (1) not contacting potential witnesses, (2) not interviewing S.A., (3) not challenging the assault on Officer K.F. on the grounds of self-defense, (4) not interviewing other inmates, and (5) failing to adequately communicate with defendant. Moreover, for the first time on appeal, defendant claims he did not consent to allowing Kokes to represent him at the plea hearing, which Sufrin was assigned to handle.

A-2222-17T2

According to defendant, Kokes was retained only to represent him on the attempted murder and related charges involving S.A. Therefore, it was a violation of R.P.C. 1.2(c) for Kokes to represent defendant during the plea hearing, and Sufrin "limited his own scope of representation," by allowing that to occur. Moreover, defendant asserts he wanted to proceed to trial, but Kokes refused to try the case. Instead, defendant claims Sufrin ostensibly gave Kokes the authority to negotiate a global plea on all charges.

## IV.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Goodwin, 173 N.J. 583, 593 (2002) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459. An evidentiary hearing is required in a PCR matter only when a defendant establishes a prima facie case of ineffective assistance. Id. at 462-63. "To establish a prima facie case, a defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b). "'[B]ald assertions' are not enough—rather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'"

State v. Jones, 219 N.J 298, 311-12 (2014) (quoting State v. Porter, 216 N.J. 343, 355 (2013)).

New Jersey has adopted the two-prong test established by the United States Supreme Court in the companion cases of Strickland v. Washington, 466 U.S. 668 (1984), and United States v. Cronic, 466 U.S. 648 (1984). See State v. Fritz, 105 N.J. 42, 58 (1987) (adopting Strickland's two-pronged test). To establish a prima facie case of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
>
> [Strickland, 466 U.S. at 687.]

Under the first prong, a defendant must demonstrate "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Thus, "[t]h[e] test requires the defendant to identify specific acts or omissions that are outside the 'wide range of reasonable professional assistance . . . .'" State v. Jack, 144 N.J. 240, 249 (1996) (internal quotation marks and citation omitted). "'Reasonable competence' does not require the best of attorneys, but

certainly not one so ineffective as to make the idea of a fair trial meaningless." State v. Davis, 116 N.J. 341, 351 (1989).

To meet the second prong, "[a] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. Defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

The Strickland test also applies when a defendant seeks to set aside a guilty plea based on ineffective assistance of counsel. State v. DiFrisco, 137 N.J. 434, 456-57 (1994) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)). To obtain relief, defendant must show that counsel's handling of the matter was not "within the range of competence demanded of attorneys in criminal cases[.]" Id. at 457 (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)). The defendant must also show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." Ibid. (alteration in original) (quoting Hill, 474 U.S. at 59).

Here, defendant argues that he did not consent to Kokes representing him instead of Sufrin at the plea and sentencing hearings. However, the record shows defendant never objected to Kokes representing him at either proceeding. Moreover, defendant testified that he was satisfied with the plea agreement, and with the representation provided by both attorneys.

The PCR judge found defendant's claim of ineffective assistance of counsel as to his plea agreement must be rejected because defendant "presents no evidence, establishes no error on behalf of his attorney, or shows no prejudice . . . ." We agree. Our careful review of the record fails to reveal defendant was misinformed about who was representing him or "that his reasonable expectations were not met . . . ." As noted by the PCR judge, had defendant gone to trial, the minimum aggregate sentence he could have received was thirty years imprisonment.

Defendant has not shown that Kokes or Sufrin were in any way deficient in analyzing the strengths and weaknesses of the State's cases. Furthermore, defendant failed to show Kokes disregarded instructions to file an appeal of his sentence. Defendant claims that if he had gone to trial, he may have achieved a more favorable outcome. This is pure speculation, and if defendant was

convicted following a trial, he faced significant jail time far in excess of the nineteen years he received.

We defer to the motion judge's findings so long as they are "supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013); see State v. Elders, 192 N.J. 224, 244 (2007) ("A trial court's findings should be disturbed only if they are so clearly mistaken that the interests of justice demand intervention and correction.") (internal quotation marks and citation omitted). Legal conclusions which flow from those facts, however, are reviewed de novo. Nash, 212 N.J. at 540-41.

## V.

Turning to defendant's other arguments, he first maintains Kokes failed to honor his instruction to proceed with trial. This argument is rejected. Here, the record belies defendant's contentions. The record shows the decision to enter the guilty pleas was voluntarily and knowingly made by defendant. During the plea allocution, the judge addressed defendant directly:

> THE COURT: Are you pleading guilty to all of these charges because, in fact, you are guilty?
>
> [DEFENDANT]: Yes.
>
> THE COURT: Do you have any defense to any one of the charges?

A-2222-17T2

[DEFENDANT]: No.

The plea judge asked defendant if he understood the maximum sentence that could be imposed if he went to trial and was convicted. Defendant was informed of his right to testify, consulted with counsel on the issues, and decided he would exercise his right not to take the stand. See State v. Savage, 120 N.J. 594, 631 (1990). Defendant failed to show any basis for relief.

Defendant also claims his attorneys were ineffective because they failed to appeal his sentence. He asserts that Kokes ignored his request and has prejudiced defendant's chance of success in challenging his sentence now due to the passage of time. Defendant offers no credible argument that he directed Kokes to file an appeal of his sentence. Bald assertions are insufficient to entitle a defendant to an evidentiary hearing on a PCR petition. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Next, defendant contends that Kokes and Sufrin failed to investigate his defenses. However, the record does not support defendant's contention. The PCR judge found defendant's failure to investigate his claims of defense to be a "plain bald assertion." Therefore, again, defendant failed to show Kokes and Sufrin were deficient in their representation under the Strickland test.

14

We therefore conclude that the PCR judge correctly found defendant had not established a prima facie case of ineffective assistance of counsel. The judge correctly determined that defendant's claims could be resolved based on the existing record, and an evidentiary hearing was not required. The judge also properly denied defendant's motion to withdraw his guilty pleas.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2222-17T2